# IN THE COURT OF APPEALS OF IOWA

No. 18-0786
Filed August 15, 2018

**IN THE INTEREST OF A.S., K.S., K.S., and K.S.,**
**Minor Children,**

**N.M., Father,**
        Appellant,

**D.P., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Page County, Amy L. Zacharias,

District Associate Judge.


        Two fathers appeal the juvenile court order terminating their parental rights.

**AFFIRMED ON BOTH APPEALS.**


        Jonathan J. Mailander of Mailander Law, Atlantic, for appellant father of A.S.

        C. Kenneth Whitacre of C. Kenneth Whitacre Law Office, Glenwood, for

appellant father of K.S., K.S., and K.S.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Vicki R. Danley, Sidney, guardian ad litem for minor children.


        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Two fathers appeal the juvenile court order terminating their parental rights. We find there is clear and convincing evidence in the record to support termination of each father's parental rights and termination is in the best interests of the children. We affirm the juvenile court's decision terminating the fathers' parental rights.

## I.    Background Facts & Proceedings

A.S. is the mother of A.S., born in 2009, M.S., born in 2010, K.S., born in 2012, K.S., born in 2013, and K.S., born in 2015.[1]  N.M. is the father of A.S.  R.T. is the father of M.S.  D.P. is the father of K.S., K.S., and K.S.  The children were removed from the mother's care on January 13, 2017, because she had been using methamphetamine while caring for the children.  A.S. and M.S. were placed with M.S.'s father, R.T.  K.S., K.S., and K.S. were placed in foster care.  At the time of the removal, N.M. was in prison in Texas and D.P. was in an Iowa jail.

On May 10, 2017, the juvenile court entered an order adjudicating the children to be in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2), (g), and (n) (2017).  On February 8, 2018, the State filed a petition seeking to terminate the parents' rights.

During the CINA proceedings, the Iowa Department of Human Services (DHS) sent information about the case to N.M., but did not hear back from him. After the termination petition was filed, N.M. was released from prison.  He first lived in a half-way house in Sioux City, then an apartment in Omaha.  He had four

---

[1]  The mother's parental rights to all five children were terminated.  She has not appealed.

supervised visits with A.S., which were his first interactions with the child in five years. N.M. testified if he was given more time, A.S. could be placed with him.

D.P. participated in one family team meeting by telephone during the CINA proceedings. He was released from jail on May 24, 2017, but did not thereafter participate in services. D.P.'s last contact with his children was in June 2017. He later told social workers he was using methamphetamine while he was out of jail. In July, D.P. was arrested in Omaha and served time in jail. About a week before the termination hearing, held in April 2018, he contacted a social worker to set up visitation, but no visits had yet occurred. At the time of the hearing, D.P. was in a half-way house, where he needed special permission for visitation with the children.

The juvenile court terminated N.M.'s parental rights to A.S. under section 232.116(1)(e) and (f) (2018). D.P.'s parental rights to K.S., K.S., and K.S. were terminated under section 232.116(1)(e), (f), and (h). The court found the State had engaged in reasonable efforts to reunite the fathers with their children. The court determined it was in the children's best interests to terminate the fathers' parental rights. The court also determined the application of an exception under section 232.116(3)(c) was not warranted. N.M. and D.P. now appeal.

**II.     N.M.**

**A.**     N.M. claims there is not sufficient evidence in the record to support termination of his parental rights. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order

on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on section 232.116(1)(f).

In his petition, N.M. concedes subsections 232.116(1)(f)(1) to (3) have been met. He claims the State failed to show by clear and convincing evidence A.S. could not be safely placed in his care, which corresponds to subsection 232.116(1)(f)(4). At the termination hearing, N.M. did not testify A.S. could be immediately placed in his care. He was asked, "Do you believe it would be in [A.S.'s] best interest to continue having visitation?" He responded, "Yes, I do." He was also asked, "Do you think if you were given more time that [A.S.] could be returned to your care?" N.M. said, "Without a doubt." Additionally, we agree with the juvenile court's finding, "While [N.M.] did move into his own apartment, his child cannot be returned to his custody given how long it has been since she has seen him and complete lack of bond she has with him." N.M. did not interact with the child for about five years before his recent visitation. We conclude the State presented clear and convincing evidence to support termination of N.M.'s parental rights pursuant to section 232.116(1)(f).

**B.** N.M. claims termination of his parental rights is not in the child's best interests. He states he and A.S. developed a bond during their four visits and it would be in her best interests to continue with visitation. In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *see also In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We conclude

termination of N.M.'s parental rights is in the child's best interests. As previously noted, N.M. did not interact with the child for about five years. The juvenile court found there was a "complete lack of bond," and we agree.

**C.** N.M. claims the State did not engage in reasonable efforts to reunite him with A.S. N.M. was informed of the CINA proceedings when they were initiated. He did not respond or attempt to contact DHS. A social worker testified,

> Some of our incarcerated parents keep consistent contact with us by phone, letters—sending letters, sending letters through us to their children. I'm not aware of [N.M.] reaching out to the Department at all or keeping us up-to-date of his status or where he was until like I said we received your e-mail requesting that visits be set up.

Although N.M.'s attorney requested telephone contact between N.M. and the child in November 2017, while he was in prison, DHS was not able to get this set up. N.M. began having contact with A.S. when he was released to a half-way house in March 2018. The juvenile court looked at all of the services offered to the parents and concluded the State engaged in reasonable efforts for reunification. We concur in the juvenile court's conclusion.

We conclude the juvenile court properly terminated N.M.'s parental rights to A.S.

**III. D.P.**

D.P. claims the State did not present clear and convincing evidence to show he failed to maintain significant and meaningful contact with his children. Termination of parental rights under section 232.116(1)(e) requires a showing (1) there has been a CINA adjudication, (2) the children have been removed for at least six months, and (3) the parent has not maintained significant and meaningful

contact during the previous six months. However, we need not address this ground for termination.

In addition to section 232.116(1)(e), D.P.'s parental rights to K.S., K.S., and K.S. were terminated under section 232.116(1)(f) and (h). Because D.P. has not challenged the termination of his parental rights under section 232.116(1)(f) and (h), we determine he has waived this issue on appeal. *See* Iowa R. App. P. 6.903(2)(g)(3). We may affirm the juvenile court's decision to terminate parental rights on any ground cited by the court. *A.B.*, 815 N.W.2d at 774. We affirm the termination of D.P.'s parental rights under section 232.116(1)(f) and (h).

**AFFIRMED ON BOTH APPEALS.**